```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
CRI, INC.                       )
                                )    Bankruptcy No. 04-01349
      Debtor.                   )
```

### ORDER RE: MOTION TO SELL ASSETS

This matter came before the undersigned on September 11, 2006 on Trustee's Motion to Sell Assets Free and Clear of Liens, Encumbrances and Other Interests. Trustee Renee Hanrahan appeared with attorney Jeffrey Taylor. Janet Reasoner appeared as the Assistant U.S. Trustee. Attorney Wythe Willey represented Garnett Place, Inc. and Sunset Park Place L.L.C. Attorney Wesley Huisinga represented the certain residents of Garnett Place Townhomes, LC. Thomas Fiegen appeared for the Fiegen Law Firm which filed the only objection to the Motion. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

### FINDINGS OF FACT

Trustee proposes to sell Debtor's interest in Garnett Place Townhomes, LC, a wholly-owned subsidiary, including its title to real estate. The real estate is encumbered by mortgages and taxes and by interests of residents. The Motion sets out proposed payments to be made by the purchaser, Garnett Place, Inc. Additionally, the Motion proposes to settle any claims Debtor may hold against Garnet Place, Inc. or Sunset Park Place, LC. ("SPP"). Trustee will release claims against Garnet Place, Inc., transfer Debtor's interest in SPP and assign certain claims Debtor may have against Frank Takes, president of Debtor, to Garnet Place, Inc..

Garnet Place, Inc. will pay Trustee $100,000 for the bankruptcy estate's interest in the property. Further payments under Garnet Place, Inc.'s offer include $443,219.25 total payments to previous residents, which is about half of their original value. It is also making a $394,152.02 mortgage payment to F & M Bank and paying $160,898.64 for unpaid real estate taxes.

Fiegen Law Firm ("Fiegen") objects on its own behalf, asserting it is a party-in-interest. Fiegen is Debtor's Chapter

7 attorney of record, and Debtor is now defunct. Fiegen objects to Trustee turning over accounts receivable, unpaid management fees and stock transfer interests. It believes these are valuable assets of the bankruptcy estate. Fiegen requests a finders fee if more funds become available to the estate, or compensation for its "pro bono" work in this case.

Trustee presented the testimony of Allen Phillips. He operates a management company which manages Garnett Place, Sunset Park Place and Glenwood Place. All three developments are now 100 percent occupied. Mr. Phillips testified that Garnet Place, Inc. and SPP dispute the validity of notes allegedly owed to Debtor. He also testified about the value of Garnet Place, Inc. and SPP as set out in financial statements.

Trustee Renee Hanrahan testified Garnet Place, Inc. is the only party to make an offer for the real estate. She marketed the bankruptcy estate's interest in the property through a real estate broker, with a six-month listing agreement. The realtor distributed flyers and held open houses. Trustee noted that clearing title to the property was difficult because the mortgage covered 12 different town home units, taxes remained unpaid, and there is dispute about the interests of residents based on their original residency agreements. Garnet Place, Inc. made the only offer, and included the condition that it receive clear title and the release of Debtor's claims against Garnet Place, Inc. and SPP. Trustee investigated the validity of these claims and was unable to discover the source documents for the alleged debts. Furthermore, it is obvious that Garnet Place, Inc. and SPP are unable to pay and demanding payment would force them into bankruptcy.

## CONCLUSIONS OF LAW

The sale of a bankruptcy estate's property is subject to court approval under the express terms of the Bankruptcy Code. In re Payless Cashways, Inc., 281 B.R. 648, 653 (B.A.P. 8th Cir. 2002); 11 U.S.C. §363(b). Bankruptcy courts have wide discretion in structuring sales of estate assets. In Re Food Barn Stores, Inc., 107 F.3d 558, 565 (8th Cir. 1997). Courts have "ample latitude to strike a satisfactory balance between the relevant factors of fairness, finality, integrity, and maximization of assets. [They] must be accorded sufficient discretion to decide the truly close cases as best [they] can in view of these competing considerations." Id. at 566 (internal quotation marks and citations omitted); In re Wintz Cos., 219 F.3d 807, 812 (8th Cir. 2000).

Ultimately, the court must decide whether the proposed sale is in the best interests of the estate. In re Staufens Music House, Inc., 213 B.R. 842, 844 (Bankr. E.D. Mo. 1997). A sale of estate property outside the ordinary course of business is in the best interest of the estate and may be approved if it is for a fair and reasonable price and in good faith. In re LeBlanc Inc., 299 B.R. 546, 552 (Bankr. N.D. Iowa 2003).

**ANALYSIS**

Based on the foregoing, the Court concludes that Trustee's motion should be granted. The evidence shows Trustee was diligent in efforts to market the property. She received no other offers. Based on the record as a whole, Trustee's proposed sale is in the best interests of the bankruptcy estate. There is no indication of bad faith on the part of Trustee or of the purchaser, Garnett Place, Inc. Considering the type of assets being sold and possible difficulties with clearing title, the amount offered is fair and reasonable.

**WHEREFORE**, Trustee's Motion to Sell Assets Free and Clear of Liens, Encumbrances and Other Interests is GRANTED.

**FURTHER**, the parties are directed to submit a proposed order implementing the terms of the sale as set out in Trustee's Motion.

DATED AND ENTERED: September 13, 2006

*[signature]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE